IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| WADE T. RODRIGUES,<br><br>        Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | )  Criminal No. 94-02233 HG-1<br>)  Civil No. 16-00149 HG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PETITIONER WADE T. RODRIGUES' MOTION TO REFER THIS MATTER TO THE NINTH CIRCUIT FOR §2255(h) CERTIFICATION**

On March 29, 2016, Petitioner Wade T. Rodrigues filed a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.  (ECF No. 130).  He previously filed a Section 2255 habeas motion in 2001, which the Court denied on the merits.

The current Section 2255 Motion claims that Petitioner's sentence is unconstitutional pursuant to the Supreme Court's decisions in Johnson v. United States, 135 S.Ct. 2551 (2015) and Descamps v. United States, 133 S.Ct. 2276 (2013).

The Court finds that the current Section 2255 Motion is a "second or successive" petition that requires certification from the Ninth Circuit Court of Appeals before this Court may assert jurisdiction.

1

## **BACKGROUND**

On November 17, 1994, the grand jury returned an Indictment charging Petitioner Wade T. Rodrigues ("Petitioner") as follows:

**Count 1:** being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1);

**Count 2:** being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1);

**Count 3:** being over the age of eighteen and knowingly and intentionally attempting to distribute a quantity of methamphetamine to a person under the age of twenty-one in violation of 21 U.S.C. §§ 841(a)(1), 846, 859;

**Count 4:** knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1);

**Count 5:** knowingly and intentionally possessing a quantity of cocaine in violation of 21 U.S.C. § 844(a);

**Count 6:** being an unlawful user of a controlled substance and knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(3).

(Indictment, ECF No. 1).

On March 23, 1995, after a jury trial, Petitioner was found guilty as to Counts 1, 2, 3, 4, and 5 in the Indictment, and a mistrial was rendered as to Count 6. (Verdict, ECF No. 77).

On October 30, 1995, a sentencing hearing was held. (ECF No. 90). Petitioner was sentenced to 274 months imprisonment as to each of Counts 1, 2, 3, and 12 months imprisonment as to Count 5, to be served concurrently with each other. The term of 60 months imprisonment as to Count 4, was to be served consecutively

to the sentences for Counts 1, 2, 3, and 5, for **a total term of imprisonment of 334 months**.  (Judgment, ECF No. 98).

On December 10, 2001, Petitioner filed his first MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.  (ECF No. 121).

On July 22, 2002, the Court denied Petitioner's first Section 2255 habeas motion on the merits. (ECF No. 127).

On March 29, 2016, Petitioner filed a second MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 130) and a MOTION FOR A RULING THAT HIS §2255 MOTION IS NOT A SECOND & SUCCESSIVE ONE UNDER §2255(h) OR, ALTERNATIVELY, TO REFER THIS MATTER TO THE NINTH CIRCUIT §2255(h) CERTIFICATION.  (ECF No. 132).

On April 5, 2016, the Government filed UNITED STATES RESPONSE TO DEFENDANT-PETITIONER'S MOTION FOR A RULING THAT HIS § 2255 MOTION IS NOT A SECOND & SUCCESSIVE ONE UNDER §2255(h). (ECF No. 136).

## ANALYSIS

**I.  Petitioner's Current Section 2255 Motion is a Second or Successive Habeas Petition**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes significant limitations on the power of federal courts to award relief to prisoners who file second or successive

habeas petitions. <u>United States v. Lopez</u>, 577 F.3d 1053, 1059 (9th Cir. 2009). A petitioner is generally limited to one motion under Section 2255 and may not bring a second or successive motion unless it meets the exacting standards of 28 U.S.C. § 2255(h). <u>United States v. Washington</u>, 653 F.3d 1057, 1059 (9th Cir. 2011).

A petitioner is required to receive certification by a panel of the appropriate Court of Appeals before he may file a second or successive habeas petition in District Court. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); <u>Jones v. Ryan</u>, 733 F.3d 825, 842 (9th Cir. 2013).

To obtain certification to file a second or successive motion from the appellate court, the petitioner must demonstrate that his motion was filed based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h); <u>Harrison v. Ollison</u>, 519 F.3d 952, 955 (9th Cir. 2008).

The requirements of Section 2255(h) create a jurisdictional bar to the petitioner's claims in District Court if the petitioner does not first obtain the Ninth Circuit Court of

Appeals' authorization.  Ezell v. United States, 778 F.3d 762, 765 (9th Cir. 2015).

Petitioner previously filed a Section 2255 Motion in 2001. Defendant did not obtain the requisite certification from the Ninth Circuit Court of Appeals authorizing him to file his current Section 2255 Motion.

A second habeas petition is not considered successive if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits.  Slack v. McDaniel, 529 U.S. 473, 485-87 (2000).

Petitioner Rodrigues' first Section 2255 Motion was decided on the merits.  (Order dated July 22, 2002, ECF No. 127). Petitioner's current Section 2255 Motion (ECF NO. 130) is a second or successive petition for purposes of AEDPA and requires certification from the Ninth Circuit Court of Appeals.

Petitioner argues that his current Section 2255 Motion is not a second or successive petition because the basis for his current claim was not ripe when he filed his first Section 2255 Motion in 2001.  Petitioner's current Section 2255 Motion is made pursuant to the 2015 United States Supreme Court decision in Johnson v. United States, 135 S.Ct. 2551 (2015), which had not yet been decided at the time of his previous habeas motion.

Habeas petitions filed pursuant to new rules of constitutional law, which do not involve any new facts, are

"second or successive" pursuant to Section 2255(h).  See Gage v. Chappell, 793 F.3d 1159, 1164-66 (9th Cir. 2015); Jones, 733 F.3d at 842; Lopez, 577 F.3d at 1061.  Such claims are not exempted from the requirement to obtain certification from the appellate court.  Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009); Stewart v. United States, 646 F.3d 856, 861 (11th Cir. 2011); Brannigan v. United States, 249 F.3d 584, 588 (7th Cir. 2001) (new legal arguments about the same events do not amount to a new claim pursuant to Section 2244(b)).

The purpose of the requirement in Section 2255(h) is to allow the Circuit Courts of Appeals to determine if the United States Supreme Court created: (1) a new rule; (2) of constitutional law; (3) that was made retroactive to cases on collateral review; (4) that was previously unavailable.  Ezell, 778 F.3d at 765; Leal Garcia, 573 F.3d at 221 ("Indeed, this is the reason why authorization is needed to obtain review of a successive petition").  Such issues are for the Circuit Courts of Appeals to decide and not the District Courts.  In re Page, 179 F.3d 1024, 1026 (7th Cir. 1999).

Petitioner also relies upon United States v. Buenrostro, 638 F.3d 720 (9th Cir. 2011) to argue that his current habeas motion is not a "second or successive" petition.  The exception set forth in Buenrostro does not apply to Petitioner's situation.  The decision in Buenrostro explained that a habeas petition based

on a fact that did not come into existence until after the first habeas petition was adjudicated is not second or successive petition. Buenrostro relied on the United States Supreme Court decision in Panetti v. Quarterman, 551 U.S. 930, 947 (2007) where the petitioner developed of a mental illness following his first habeas motion. No such claim exists in this case. Petitioner Rodrigues is not relying on any new facts in his current Section 2255 Motion.

The Government looks to the decision by the Seventh Circuit Court of Appeals in Price v. United States, 795 F.3d 731, 734-35 (7th Cir. 2015) as support for a finding that Johnson is a new substantive rule that applies retroactively. Price is a decision from the Seventh Circuit Court of Appeals, not the Ninth Circuit Court of Appeals. The Ninth Circuit Court of Appeals has not found that Johnson applies retroactively.

**II. Referral to the Ninth Circuit Court of Appeals is Appropriate**

Ninth Circuit Court of Appeals Rule 22-3 provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." 9th Cir. R. 22-3(a).

Pursuant to Ninth Circuit Court of Appeals Rule 22-3(a), the Court **REFERS** Petitioner's MOTION (ECF No. 130) to the Ninth

Circuit Court of Appeals for consideration as an application for leave to file a second or successive habeas petition.

### III. The District Court Lacks Subject Matter Jurisdiction Over Petitioner's Second Section 2255 Habeas Petition

The requirement that prisoners obtain authorization from the Court of Appeals before filing a "second or successive" petition in the District Court is jurisdictional. Burton v. Stewart, 549 U.S. 147, 153 (2007)(per curiam) (accord Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)(per curiam)).

The Court lacks jurisdiction to consider Petitioner's second Section 2255 Motion because Petitioner filed his Motion without authorization from the Ninth Circuit Court of Appeals. Karim v. Valenzuela, 2014 WL 7338827, *3-*4 (C.D. Cal. Dec. 19, 2014).

Petitioner's Section 2255 Motion (ECF No. 130) is **DISMISSED WITHOUT PREJUDICE**.

### CONCLUSION

Petitioner's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 130) is a "second or successive" petition that requires certification from the Ninth Circuit Court of Appeals before this Court may assert jurisdiction.

Pursuant to Ninth Circuit Court of Appeals Rule 22-3(a), the Clerk of Court is directed to **REFER** Petitioner's MOTION (ECF No.

130) to the Ninth Circuit Court of Appeals.

This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk of Court is directed to **CLOSE THE CASE**.  The case will be reopened if the Ninth Circuit Court of Appeals subsequently authorizes the filing of Petitioner's second or successive Section 2255 habeas petition with this Court.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, April 14, 2016.



_____
Helen Gillmor
United States District Judge

Wade T. Rodrigues v. United States of America, Criminal No. 94-02233 HG-1; Civil No. 16-00149 HG, **ORDER GRANTING PETITIONER'S MOTION TO REFER THIS MATTER TO THE NINTH CIRCUIT FOR §2255(h) CERTIFICATION**